# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **United States of America,** Plaintiff/Respondent -vs- **Jesus Arturo Lopez-Jusaino,** Defendant/Movant | CV-10-0682-PHX-JAT (JRI) CR-09-0933-PHX-JAT **REPORT & RECOMMENDATION On Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255** |

## I. MATTER UNDER CONSIDERATION

Movant, following his conviction in the United States District Court for the District of Arizona, filed an Amended Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 on May 7, 2010 (Doc. 4). On July 14 ,2010 Respondent filed its Response (Doc. 9). Movant has not replied and the time to do so has run.

The Movant's Motion is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 10, Rules Governing Section 2255 Cases , Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

### A. PROCEEDINGS AT TRIAL

On July 28, 2009, Movant was indicted on one count of illegal reentry after deportation. (CR Doc. 9, Indictment.) (Filings in the underlying criminal case, DR-09-0933-PHX-JAT, are referenced herein as "CR Doc. ____.") On August 7, 2009, Movant entered into a written Plea Agreement (Exhibit1). (Exhibits to the Response, Doc. 9, are referenced herein as "Exhibit ___.") On August 19, 2009, he entered a plea of guilty before Magistrate

Judge Duncan. (CR Doc. 14, M.E. 8/19/9.) Judge Duncan issued his Findings & Recommendation (CR Doc. 16) on the plea on the same date.

Movant appeared for sentencing on November 16, 2009 before District Judge Teilborg, and was sentenced to, *inter alia,* 46 months in prison. (CR Doc. 19, M.E. 1/16/09; CR Doc. 21, Judgement.)

Movant did not file a direct appeal. (Amend. Mot. Doc. 4 at 2.)

**B. PRESENT HABEAS PROCEEDINGS**

Movant instituted the present proceeding by filing his original Motion to Vacate, Set Aside or Correct Sentence on March 25, 2010 (Doc. 1). That motion was dismissed with leave to amend (Doc. 3), and on May 7, 2010, Movant filed the instant Amended Motion (Doc. 4). Movant's Motion is convoluted in its reasoning, and expansive in its inclusion of legal buzz phrases. Liberally construed, *U.S. v. Johnson*, 988 F.2d 941, 943 (9th Cir. 1993), it asserts the following four grounds for relief:

(1) ineffective assistance of counsel because Movant was not advised of his rights prior to pleading guilty;

(2) ineffective assistance of counsel because Movant's speedy trial rights were violated when he had been detained for 167 days as of his sentencing;

(3) Movant was entitled to have his sentence made concurrent with his sentence on his state convictions when he was originally apprehended; and

(4) Movant is actually innocent and his plea of guilty was therefore not knowingly and voluntarily entered.

On July 14, 2010, Respondent filed its Response (Doc. 9), arguing that Movant's claims were waived under the terms of his written plea agreement, and his plea was knowing and voluntarily entered.

Movant has not filed a reply, and the time to do so has long since passed.

/ /

/ /

# III. APPLICATION OF LAW TO FACTS

## A. WAIVER OF COLLATERAL ATTACK RIGHTS

Respondents argue that Movant has waived his right to file the instant Motion to Vacate. Movant's plea agreement included a waiver of "any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255." (Exhibit 1, Plea Agreement at 5.) The present motion is just such a collateral attack.

### 1. Enforceability of Waivers

The Ninth Circuit regularly enforces "knowing and voluntary" waivers of appellate rights in criminal cases, provided that the waivers are part of negotiated guilty pleas, *see United States v. Michlin*, 34 F.3d 896, 898 (9th Cir.1994), and do not violate public policy, *see United States v. Baramdyka*, 95 F.3d 840, 843 (9th Cir.1996) (cataloguing public policy exceptions). Similarly, the right to collateral review may be waived. *See United States v. Abarca,* 985 F.2d 1012, 1014 (9th Cir.1993). Such waivers usefully preserve the finality of judgments and sentences imposed pursuant to valid plea agreements. *See Baramdyka*, 95 F.3d at 843.

Moreover, the defendant's rights to challenge any sentencing errors may be explicitly waived. *See e.g. United States v. Bolinger,* 940 F.2d 478, 480 (9th Cir.1991). Further, where a waiver specifically includes the waiver of the right to attack a sentence, then it also waives "the right to argue ineffective assistance of counsel at sentencing." *U.S. v. Nunez,* 223 F.3d 956, 959 (9th Cir. 2000).

Granted, there are some flavors of errors at sentencing that are not waivable. *See e.g. United States v. Bolinger,* 940 F.2d 478, 480 (9th Cir.1991) (sentence violates the terms of the plea agreement); *United States v. Johnson,* 67 F.3d 200, 203 n. 6 (9th Cir.1995) ("sentencing error could be entirely unforeseeable and therefore not barred"); *United States v. Jacobson,* 15 F.3d 19 (2nd Cir.1994) (sentencing disparity among co-defendants based entirely on race); *United States v. Marin,* 961 F.2d 493, 496 (4th Cir.1992) (sentence in excess of maximum statutory penalty or based on a constitutionally impermissible factor such

as race). Here, however, Movant does not assert any such error at sentencing, but simply asserts in Ground Three that he should have received concurrent sentencing under applicable law.[1]

**Knowing and Voluntary Requirement** - It is true that to be enforceable, such waivers must be made "knowingly and voluntarily." *United States v. Michlin*, 34 F.3d 896, 898 (9th Cir.1994). The Supreme Court has stated that where "a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. . . . [A] defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was [ineffective]." *Hill v. Lockhart,* 474 U.S. 52, 56-57 (1985) (internal quotation marks and citations omitted).[2]

## 2. Effectiveness of Counsel

Here, Movant asserts that counsel was ineffective for: (1) failing to insure Movant was advised of his constitutional rights prior to pleading guilty; (2) failing to pursue a speedy trial defense.[3] Respondent does not address these assertions.

---

[1] Movant does quote *Apprendi v. New Jersey*, 530 U.S. 466 (2000) in his one paragraph Memorandum of Law, for the proposition that only prior convictions can be used to increase a sentence without a jury determination. (Amend. Mot. Doc. 4 at 11.) Movant does not, however, suggest what facts were relied on at sentencing that were not admitted by him in entering his plea. Nor does Movant suggest that any such claim would not be governed by his waiver pertaining to sentencing.

[2] Movant's conclusory claim in Ground Four that he was "actually innocent" does not establish any deficiency by counsel. (Amend. Mot. Doc, 4 at 8.) Movant does not suggest that counsel was aware of such innocence or had evidence available to rebut the prosecutions' case, such that he should have advise Movant differently as to his plea. Moreover, Movant fails to explain what element(s) of the crime could not be proven. "[M]erely conclusionary statements in a § 2255 motion are not enough to require a hearing." *Wagner v. United States*, 418 F.2d 618, 621 (9th Cir. 1969).

[3] Movant also complains that counsel failed to file an appeal, but does so only as an explanation of his failure to exhaust his direct appeal rights. (Amend. Mot. Doc. 4 at 5-8.)

- 4 -

In *Hill v. Lockhart*, 474 U.S. 52 (1985), a defendant challenging a guilty plea based on ineffective assistance of counsel must show that (1) his "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for [his] counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." 474 U.S. at 57-59.

**<u>Notice of Constitutional Rights</u>** - Movant does not reference any specific right of which he was not advised, other than his speedy trial rights. There is no requirement that a defendant be advised of his speedy trial rights. Rule 11(b)(1), Federal Rules of Criminal Procedure mandates, in pertinent part, that a defendant pleading guilty be advised at the time of his plea of the following constitutional rights:

> (B) the right to plead not guilty, or having already so pleaded, to persist in that plea;
> (C) the right to a jury trial;
> (D) the right to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceeding;
> (E) the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;
> (F) the defendant's waiver of these trial rights if the court accepts a plea of guilty or nolo contendere;

There is simply no mandate that a federal defendant be advised of their *speedy* trial rights. *Cf. State v. Hittle*, 47 P.3d 101, 103 (Utah App. 2002), *reversed* 94 P.3d 268 (2004), (finding strict compliance required with Utah Rule of Criminal Procedure mandating advise of waiver of "the right to a speedy public trial".)

Moreover, the record reflects that Movant was fully apprised of his constitutional rights, as denominated by Rule 11. The written Plea Agreement contains representations by Movant that he was so apprised:

> I have discussed the case and my constitutional and other rights with my attorney. I understand that by giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my

---

Movant does not, and could not, suggest that any such failure would have affected the voluntariness of his then already entered guilty plea.

- 5 -

privilege against self-incrimination; to be presumed innocent until proven guilty beyond a reasonable doubt; and to appeal, all with the assistance of counsel.

(Exhibit 1, Plea Agreement at 6.)

The plea colloquy itself included an expansive explication of Movant's trial rights:

> THE COURT: It would be wrong for anyone to force you to plead guilty or to make any threats against you to try to get you to plead guilty or to make any unwritten promises to you other than the ones that are set forth in your plea agreement to try to get you to plead guilty. Has anybody done any of those things, Mr. Lopez-Jusaino?
> DEFENDANT LOPEZ: No.
> \* \* \*
> THE COURT: I'm now going to tell you about all of the rights that you would have at trial. The reason I do this is the same reason that I explained in the beginning. I need to make sure you know what rights you have before I ask you whether you want to give them up.
> And you do have a right to have a trial, a trial at which the government would have the burden to prove that you are guilty beyond a reasonable doubt of each one of the following elements of the charged offense. . ..
> \* \* \*
> THE COURT: If you decided to have a trial you would also have the right to be represented by your own attorney, and if you couldn't afford one, one would be provided for you at no expense to you. You would have the right to remain silent. The presumption of innocence would be with you. You could challenge and confront. any witnesses against you and use the Court's subpoena power to call witnesses into court to testify in your defense. You could even testify yourself if you wished, but you wouldn't have to because you do have the right to remain silent. And if you chose to exercise that right, the trial judge would tell the jury that they could not hold your silence against you.
> You could only be convicted if the 12 members of the jury unanimously decided that you were guilty beyond a reasonable doubt of each one of the elements of the charged offense.
> Do you understand all of these rights that you would have at a trial, Mr. Lopez-Jusaino?
> DEFENDANT LOPEZ: Yes.
> \* \* \*
> THE COURT: After a trial, a person usually has the right to appeal any verdict, sentence, or decision of the trial court that the person thinks is wrong. And that appeal is to a higher court, a different court, the Ninth Circuit Court of Appeals based in San Francisco or perhaps even the U.S. Supreme Court in Washington. And if you couldn't afford the cost of the appeal or to pay for a lawyer, both of those would be provided to you at no expense.
> But if you decided to plead guilty under the terms of this plea agreement you would be giving up all of those appeal rights.
> \* \* \*
> Mr. Lopez-Jusaino, do you understand all of these appeal rights you would be giving up under the terms of your plea agreement?
> DEFENDANT LOPEZ: Yes.

(Exhibit 2, R.T. 8/19/09 at 14-15, 20-23.)

Based on the foregoing, the undersigned concludes that Movant has failed to show that defense counsel was ineffective with regard to the Court's failure to enumerate Movant's right to a speedy trial.

**Failure to Pursue Speedy Trial Defense** - Moreover, there was no violation of Movant's speedy trial rights, and thus no reason for defense counsel to advise Movant on such rights.

Subsection (c) of the Speedy Trial Act provides: "the trial of a defendant . . . shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). Movant's first judicial appearance was June 3, 2009, but the Indictment was not filed until July 28, 2009. (CR Doc. 9, Indictment.) Under subsection(c)(1), the latter date controls. *Cf. U.S. v. Alvarez-Perez*, 629 F.3d 1053 (9th Cir. 2010) (under succession of complaint, information and indictment, filing of information controlled).[4] His plea was entered August 19, 2009, only 22 days later, well within the speedy trial deadline. In addition, by entering his guilty plea, Movant waived any speedy trial claims. *U.S. v. Bohn*, 956 F.2d 209 (9th Cir. 1992).

Movant argues that an immigration detainer had been placed on him on November 30, 2005 (almost four years before his plea) while he was in state prison, and that he was taken into ICE custody on June 1, 2009 (80 days prior to his plea). (Amend. Mot. Doc. 4 at 6.)

---

[4] Some 58 days elapsed between Movant's arrest on June 1, 2009 (CR Doc. 6/1/09) and his indictment on July 28, 2009 (CR Doc. 9). However, Movant and the prosecution jointly moved for a continuance (CR Doc. 6), which was granted, and delay was excluded until the 31st day after arrest, *i.e.* July 2, 2009. (CR Doc. 8, Order 6/8/09.) The Government's time to indict expired, thirty days later, 18 U.S.C. § 3161(b), on August 1, 2009. Thus, Movant's indictment on July 28, 2009 was timely.

Neither of these dates are controlling.[5]

The mere filing of a Federal detainer does not trigger the protections of the Speedy Trial Act. *U.S. v. Hausman*, 894 F.2d 686, 688-689 (5th Cir. 1990). While a criminal detainer and ensuing demand for trial by a defendant may trigger speedy trial rights under the Speedy Trial Act, as can the actual delivery of the prisoner under the Interstate Agreement on Detainers, *see U.S. v. Mauro*, 436 U.S. 340 (1978), Movant shows neither a criminal detainer by Federal authorities, nor a demand for trial by him, nor his delivery to Federal criminal authorities prior to his arrest in this case. *See* 18 U.S.C. § 3161(j)(3) ("upon receipt of such notice [of demand for trial], the attorney for the Government shall promptly seek to obtain the presence of the prisoner for trial"); and 18 U.S.C. App. 2, Interstate Agreement on Detainers § 2, Art. IV(c) ("trial shall be commenced within one hundred and twenty days of the arrival of the prisoner in the [the custody of the prosecuting jursidiction]").

Further, absent a showing of collusion to avoid a defendant's speedy trial rights, civil detention such as that by immigration authorities, does not trigger any speedy trial rights, even if criminal authorities played a role in the detention. *U.S. v. Cepeda-Luna*, 989 F.2d 353 (9th Cir. 1993) ("the Speedy Trial Act is not implicated when a defendant is detained on civil charges by [immigration authorities]"). *See also* Immigr. Law & Crimes § 5:21 (2011) at nn. 7 & 8 and surrounding text. Similarly, "no Sixth Amendment right to a speedy trial arises until charges are pending." *U.S. v. MacDonald,* 456 U.S. 1, 7 (1982).

"Since [the defendant] has no claim for a violation of his right to a speedy trial, there

---

[5] Movant notes that he had "served 167 presentence incarceration days from June 2, 2009, as of November 16, 2009." (Amend. Mot. Doc. 4 at 6.) Any post-plea delay would not have affected the voluntariness of Movant's plea. Further, the Speedy Trial Act makes no limitation on the time between a guilty plea and sentencing. Rule 32(b)(1) simply mandates sentencing "without unnecessary delay." The Second Circuit has recently held that the "Speedy Trial Clause of the Sixth Amendment, which governs the timing of trials, does not apply to sentencing proceedings." *U.S. v. Ray*, 578 F.3d 184 (2d Cir. 2009), *cert. denied*, 130 S. Ct. 2401 (2010). The Ninth Circuit has treated sentencing as within the Speedy Trial guarantee, "but has refrained from explicitly recognizing it as such." *U.S. v. Martinez,* 837 F.2d 861, 866 (9th Cir. 1988).

has been no ineffective assistance of counsel." *Ferguson v. U.S.,* 911 F.Supp. 424, 430 (C.D.Cal.,1995) (guilty plea entered before speedy trial claim arose).

**3. Summary**

In his written Plea Agreement, Movant expressly waived his rights to bring the instant Motion to Vacate. Movant has failed to show that counsel was ineffective in advising him to enter a plea of guilty, and has thus failed to show that his plea was not knowingly and voluntarily entered. Accordingly, the waiver is enforceable, and the instant Motion to Vacate must be dismissed with prejudice.

## IV. CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2255 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Motion to Vacate is brought pursuant to 28 U.S.C. § 2255. The recommendations if accepted will result in Movant's Motion to Vacate being resolved adversely to Movant. Accordingly, a decision on a certificate of Appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court=s assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds. To the extent that Movant's claims are rejected on procedural grounds, under the reasoning set forth herein, the undersigned finds that "jurists of reason" would not "find it debatable whether the district court was correct in its procedural ruling." Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Motion, a certificate of appealability should be denied

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Movant's Amended Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, filed May 7, 2010 (Doc. 4) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that to the extent the reasoning of this Report & Recommendation is adopted, that a certificate of appealability **BE DENIED**.

## V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 10, Rules Governing Section 2255 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to *Local Civil Rule 7.2(e)(3)*, unless otherwise permitted by the Court, an objection to a Report and Recommendation shall not exceed ten

1  (10) pages. Failure to timely file objections to any findings or recommendations of the
2  Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of
3  the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),
4  and will constitute a waiver of a party's right to appellate review of the findings of fact in an
5  order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins*
6  *v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

DATED: August 16, 2011

/s/ Jay R. Irwin
JAY R. IRWIN
United States Magistrate Judge

S:\Drafts\OutBox\10-0682-004r RR 11 08 08 re MVacatic.wpd